UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

JAMES SAMS,

Plaintiff,

v.

LOS ANGELES SHERIFFS DEPARTMENT, et al.,

Defendants.

Case No. 2:25-cv-05960-ODW-JDE

ORDER TO SHOW CAUSE RE DISMISSAL FOR FAILURE TO COMPLY WITH LOCAL RULE 41-6

On June 30, 2025, the Court received from James Sams ("Plaintiff"), then a detainee at Los Angeles County Jail ("Jail"), proceeding pro se and seeking leave to proceed in forma pauperis, a Civil Rights Complaint (Dkt. 1, "Complaint"). The Court screened the Complaint under 28 U.S.C. §§1915(e)(2) and 1915A(b), found several apparent defects, and provided Plaintiff with options as to how to proceed, including an option to proceed only with certain claims, which he could select by filing a "Notice of Election" so stating. Dkt. 6 ("Screening Order") at 14-15. On August 22, 2025, Plaintiff filed a one-page "Notice of Election" stating, in full, "Per the Court's Screening Order Plaintiff elects to proceed on the claims found sufficient by the Order and only those claims, with the others voluntarily dismissed. Similarly, Doe defendants are

dismissed and only County and LASD remain." Dkt. 10 ("Notice of Election").

The Court accepted the Notice of Election on August 22, 2025, with summonses and an order directing service to be issued. Dkt. 11. After service, on November 5, 2025, Defendants the County of Los Angeles and the Los Angeles County Sheriff's Department ("Defendants") filed an Amended Answer to the Complaint, as limited by the Notice of Election. Dkt. 22.

The Court issued a Case Management and Scheduling Order on November 12, 2025, setting several case-related deadlines and procedures. Dkt. 30 ("Order"). The Court further ordered that "[a]ll parties must comply with the . . . Local Civil Rules of this Court," and further ordered:

> If Plaintiff is proceeding pro se, Plaintiff must notify the Court and defense counsel of any change of address and the effective date of the change.

Id. at 6. Local Civil Rule ("L.R.") 41-6 provides:

> A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

On July 6, 2026, the Court received return mail of an order issued on June 16, 2026, mailed to Plaintiff at his address of record with the Court, 450 Bauchet Street, Los Angeles, CA 90012, with a notation "Return to Sender/Not Deliverable as Addressed/Unable to Forward." Dkt. 40. More than 15 days have passed since the Court served the June 16, 2026 Order by

U.S. Mail upon Plaintiff at his address of record, with the Order having now been returned as undeliverable.

Plaintiff is hereby ORDERED TO SHOW CAUSE, in writing, within 14 days from the date of this order, why the action should not be dismissed for the apparent failure to comply with Local Civil Rule 41-6. If Plaintiff does not timely file a response to this Order, the action may be dismissed for the same reason and for failure to prosecute and failure to comply with a Court order without further notice. See L.R. 41-6; Fed. R. Civ. P. 41(b).

Dated: August 21, 2026

JOHN D. EARLY
United States Magistrate Judge