UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

JAMES SAMS,
Plaintiff,
v.
LOS ANGELES SHERIFFS DEPARTMENT, et al.,
Defendants.

Case No. 2:25-cv-05960-ODW (JDE)

ORDER DISMISSING ACTION WITHOUT PREJUDICE

**I.**

**INTRODUCTION**

On June 30, 2025, the Court received from James Sams ("Plaintiff"), then a detainee at Los Angeles County Jail ("Jail"), proceeding pro se and seeking leave to proceed in forma pauperis, a Civil Rights Complaint (Dkt. 1, "Complaint"). The assigned magistrate judge screened the Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), found several apparent defects, and provided Plaintiff with options as to how to proceed, including an option to proceed only with certain claims, which he could select by filing a "Notice of Election" so stating. Dkt. 6 ("Screening Order") at 14-15. On August 22, 2025, Plaintiff filed a one-page "Notice of Election" stating, in full, "Per the Court's

Screening Order Plaintiff elects to proceed on the claims found sufficient by the Order and only those claims, with the others voluntarily dismissed. Similarly, Doe defendants are dismissed and only County and LASD remain." Dkt. 10 ("Notice of Election").

The Notice of Election was accepted on August 22, 2025, with summonses and an order directing service to be issued. Dkt. 11. After service, on November 5, 2025, Defendants the County of Los Angeles and the Los Angeles County Sheriff's Department ("Defendants") filed an Amended Answer to the Complaint, as limited by the Notice of Election. Dkt. 22. The magistrate judge issued a Case Management and Scheduling Order on November 12, 2025, setting several case-related deadlines and procedures, ordered that "[a]ll parties must comply with the . . . Local Civil Rules of this Court," and further ordered:

> If Plaintiff is proceeding pro se, Plaintiff must notify the Court and defense counsel of any change of address and the effective date of the change.

Dkt. 30 ("Order") at 6.

On July 6, 2026, the Court received returned mail of an order issued on June 16, 2026, mailed to Plaintiff at his address of record, 450 Bauchet Street, Los Angeles, CA 90012, with a notation "Return to Sender/Not Deliverable as Addressed/Unable to Forward." Dkt. 40.

As a result, on August 21, 2026, the magistrate judge issued an Order to Show Cause re Dismissal for Failure to Comply with Local Rule 41-6, noting the foregoing and the text of Local Civil Rule 41-6 and ordering Plaintiff to respond in writing within 14 days explaining why the action should not be dismissed for the apparent violation of Local Civil Rule 41-6. Dkt. 43 ("OSC"). Plaintiff was advised that a failure to respond to the OSC could result in the action being dismiss for failure to comply with Local Rule 41-6,

for failure to prosecute, and for failure comply with a Court order under Federal Rule of Civil Procedure 41(b). Id. at 3. Plaintiff did not timely respond to the OSC or seek additional time in which to do so.

## II.

## DISCUSSION

Local Civil Rule 41-6 provides:

> A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

More than 80 days have passed since the Court served the June 16, 2026 Order by U.S. Mail upon Plaintiff at his address of record, with the order having been returned as undeliverable. Plaintiff did not respond to the OSC and has not otherwise appeared in the action since June 16, 2026. By not updating his current address of record and by not responding to that OSC, Plaintiff has left this action in limbo.

In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Id. at 1440; see also Yourish v. California Amplifier, 191 F.3d 983, 991-92 (9th Cir. 1999) (affirming dismissal for failure to timely file an amended complaint, applying the five factors).

Here, factors one and two, the public's interest in expeditious resolution of litigation and the court's interest in managing its docket, militate in favor of dismissal for Plaintiff's failure to comply with Local Rule 41-6 and two Court orders and failure to prosecute, as mail to Plaintiff is being returned to the Court. The third factor, the risk of prejudice to the defendant, also favors dismissal. In Yourish, the Ninth Circuit, after noting that the risk of prejudice to the defendant is partly measured by the strength of a plaintiff's reason for failure to timely file a required document, found that a "paltry" excuse for a late-filed pleading causes the risk of prejudice to the defendant factor to "strongly support[] dismissal." Here, no excuse has been provided by Plaintiff for his failure to comply with Court orders and the Local Rules. The third factor also weighs in favor of dismissal. Factor four, the public policy favoring disposition of cases on the merits, counsels against dismissal, but a dismissal without prejudice would not, in and of itself, preclude consideration of the remaining claims on the merits at a later date. Lastly, the fifth factor, the availability of less drastic sanctions, also counsels in favor of dismissal where, as here, Plaintiff has not responded to a Court order and mail to Plaintiff is being returned as undelivered. There is no viable lesser alternative here.

Thus, four of the five factors set forth in Carey favor dismissal, three of them strongly so. Dismissal of the action is warranted here.

## III.

## ORDER

For the foregoing reasons, Judgment shall be entered dismissing this action without prejudice.

Dated: September 11, 2026__

OTIS D. WRIGHT, II
United States District Judge